# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50148

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2018

Lyle W. Cayce
Clerk

ALLIED LOMAR, INCORPORATED,

      Plaintiff - Appellant Cross-Appellee

v.

LONE STAR DISTILLERY, L.L.C., doing business as Garrison Brothers Distillery,

      Defendant - Appellee Cross-Appellant

DOES 1 THROUGH 10, INCLUSIVE,

      Defendant – Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-1078

Before HIGGINBOTHAM, SMITH, and CLEMENT Circuit Judges.

PER CURIAM:*

Plaintiff Allied Lomar, Inc., a California liquor distributor, sued Defendant Lone Star Distillery, L.L.C., d/b/a Garrison Brothers Distillery, a Texas liquor distributor, alleging that Allied owned the mark "COWBOY LITTLE BARREL" for its bourbon whiskey and that Garrison Brothers' mark

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-50148

"COWBOY BOURBON" infringed on that trademark. Accordingly, Allied asserted, among other things, trademark infringement, and Garrison Brothers counterclaimed for declaratory judgment findings of non-infringement and cancellation of Allied's registration due to abandonment or fraud on the United States Patent and Trademark Office. A jury returned a verdict finding, among other things, that Allied abandoned its mark "COWBOY LITTLE BARREL."[1] Allied timely filed a renewed motion for judgment as a matter of law, which the district court denied. Allied appeals.

We review *de novo* the district court's denial of a motion for judgment as a matter of law.[2] "When a case is tried to a jury, a motion for judgment as a matter of law 'is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.'"[3] "'In resolving such challenges, we draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party,' and will uphold the verdict 'unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.'"[4]

Under the Lanham Act, a mark shall be deemed abandoned when the following occurs:

> [The mark's] use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.[5]

---

[1] The parties' first trial ended in a mistral when Allied failed to comply with a pretrial ruling requiring it to "approach the bench, advise of its intention regarding any product released subsequent to the filing of this lawsuit to obtain a ruling on admissibility prior to any exposure of the same to the jury."

[2] *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1322–23 (5th Cir. 1994).

[3] *Cowart v. Erwin*, 837 F.3d 444, 450 (5th Cir. 2016) (quoting *Heck v. Triche,* 775 F.3d 265, 272 (5th Cir. 2014)).

[4] *Id.* (quoting *Heck*, 775 F.3d at 273).

[5] 15 U.S.C. § 1127.

"The party asserting abandonment must establish that the owner of the mark both (1) discontinued use of the mark and (2) intended not to resume its use."[6] When the party claiming abandonment provides evidence that the mark has not been used for three consecutive years, the burden then shifts to the mark owner to establish that "circumstances do not justify the inference of intent not to resume use."[7] To rebut the presumption of intent not to resume use, a mark owner may produce evidence of either actual use or plans to resume use.[8]

We conclude that a reasonable jury could determine that Allied failed to rebut the presumption of intent not to resume use. As the district court observed, the jury fairly rejected the testimony of Allied's founder, Marci Palatella, and Allied's price lists as evidence of intent to resume use. Allied now claims that a jury could not reasonably disbelieve Palatella's testimony because "the facts to which Palatella testified are uncontroverted." The record proves otherwise. That is, Garrison Brothers presented evidence undermining Palatella's contention that Allied specializes in old, rare, and expensive whiskeys; disputing Palatella's reliance on a bourbon shortage as a reason for Allied's failure to sell "COWBOY LITTLE BARREL" bourbon after 2009; and highlighting Palatella's inconsistent testimony concerning Allied's price lists.

We therefore decline to overturn the jury's verdict when Allied's evidence amounts to "a vague, subjective intent to resume use of a mark at some unspecified future date."[9] Because such evidence cannot defeat abandonment, the jury's verdict is sound.[10]

AFFIRMED.

---

[6] *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 293 (5th Cir. 2004).

[7] *Exxon Corp. v. Humble Explor. Co.*, 695 F.2d 96, 99 (5th Cir. 1983).

[8] *Id.* at 102–03.

[9] *Vais Arms*, 383 F.3d at 295 (internal quotation marks omitted).

[10] To the extent that the briefing raises additional arguments, we have considered them and find them without merit.